IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIKAYLA FELLENZ,

                        Plaintiff,                         OPINION AND ORDER

v.

                                                      19-cv-946-wmc

STARK COLLECTION AGENCY, INC,

                        Defendant.

---

    Plaintiff Mikayla Fellenz alleges that defendant Stark Collection Agency, Inc., violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by failing to identify the actual creditor and by misleading plaintiff. (Compl. (dkt. #1).) In response, defendant has moved to dismiss plaintiff's claim on the basis that: (1) she lacks standing to sue; and (2) she fails to state a plausible claim under the "unsophisticated consumer" standard applicable to FDCPA claims. (Def.'s Mot. (dkt. #8).) While the court finds plaintiff has standing to sue, the court agrees that plaintiff fails to state a plausible claim. Accordingly, the court will grant defendant's motion, but will dismiss plaintiff's claim without prejudice.

UNDISPUTED FACTS[1]

    Mikayla Fellenz is a resident of Taylor County, Wisconsin, who purportedly incurred consumer debt from TDS, an internet service provider. (Compl. (dkt. #1) ¶ 10.)

---

[1] For purposes of defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of" plaintiff. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted).

The Star Collection Agency is a debt collection business located in Madison, Wisconsin (*Id*. ¶ 6).

Star Collection sent Fellenz a letter dated around October 29, 2019, in an effort to collect an outstanding debt owed to TDS. (*Id*. ¶ 11.)[2] Central to plaintiff's claim, however, the letter identified the creditor as "TDS-Medford – BO#0801." (*Id*. ¶ 16.) Fellenz alleges this identification of the creditor was false and misleading, and left her confused and unsure as to the entity to whom the debt was owed. (*Id*. ¶¶ 17-18.)

OPINION

As mentioned above, defendant seeks dismissal of this complaint on two bases. First, defendant contends that plaintiff lacks standing to bring these claims and seeks dismissal under Federal Rule of Civil Procedure 12(b)(1). Second, in the alternative, defendants argues that dismissal is warranted under Rule 12(b)(6) because her allegations do not state a claim under the FDCPA. The court takes up each argument in turn.

I. Standing

To establish standing to sue under Article III of the Constitution, a plaintiff must allege an "injury-in-fact" that is traceable to the defendant's conduct. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To meet this injury-in-fact requirement, a plaintiff

---

[2] While plaintiff did not attach the actual letter to her complaint, defendant provided it in support of its motion to dismiss. (Kalnins Decl., Ex. A (dkt. #10-1).) Because the letter is referenced in plaintiff's complaint and central to her claims, the court will consider it. *See Cancer Foundation, Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 n.1 (7th Cir. 2009). In contrast, the court will not consider a purported bill that plaintiff received on April 10, 2019, from TDS because that bill not referenced in her complaint nor central to her claims. (Kalnins Decl., Ex. B (dkt. #10-2).)

must allege that she suffered a concrete harm, since a bare procedural violation, divorced from any concrete harm, does not satisfy Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Instead, a plaintiff must "show that the violation harmed or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the statute." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019).

In enacting the FDCPA, Congress generally sought to protect debtors from "the use of abusive, deceptive, and unfair debt collection practices by many debtor collectors." *Id*. at 333 (quoting 15 U.S.C. § 1692(a)). In particular, false or misleading collection letters undermines a consumer's right to receive clear and accurate information about the debt. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

Defendant contends plaintiff fails to allege any concrete injury because Fellenz, like the plaintiff in *Casillas*, never tried to verify her debt. (Def.'s Br. (dkt. #9) 10.) In *Casillas*, the plaintiff received a collection letter that failed to notify her that a request to verify the debt must be made in writing. *Casillas*, 926 F.3d at 334. Because that plaintiff never tried to exercise her statutory right (for example, by verifying her debt orally), the Seventh Circuit held that she never risked losing any statutory right and, thus, did not suffer any concrete injury. *Id*. As plaintiff correctly points out, however, *Casillas* involved an *incomplete* debt collection letter. *See Casillas*, 926 F.3d at 335 (distinguishing a provision that entitles a plaintiff to "receive and review substantive information" from a provision that "protect[s]" a consumer's interest in knowing her statutory rights"). While an incomplete debt collection letter that fails to notify a consumer of her statutory rights as

3

required by the FDCPA requires proof the violation caused a consumer to lose or risk losing her statutory rights for purposes of standing, an affirmatively false or misleading collection letter merely requires proof the violation misled or confused the consumer. *See Africano-Domingo v. Miller & Steeno, P.C.*, No. 19 CV 401, 2020 WL 247377 at *3 (N.D. Ill. Jan. 16, 2020) (distinguishing *Casillas* in holding that the plaintiff has standing because "confusion about who a debtor must pay to extinguish her obligation . . . is the kind of injury that Congress sought to prevent through the FDCPA"); *Untershine v. Encore Receivable Mgmt., Inc.*, No. 18-CV-1484, 2019 WL 3766564 at *3 (E.D. Wis. Aug. 9, 2019) (distinguishing *Casillas* in concluding that the plaintiff has standing because "protecting consumer from misinformation is a significant goal behind the FDCPA").

While Fellenz apparently never tried to verify the creditor's identify, plaintiff nevertheless suffered a concrete injury here by virtue of her alleged confusion and uncertainty as to the precise entity to whom she owed the debt, since this confusion is the kind of injury that Congress sought to prevent through the FDCPA. Accordingly, defendant's motion to dismiss for lack of standing is denied.

## II. 12(b)(6) Challenge

In order to survive a motion to dismiss, a claim must be facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the question of whether a collection letter is false or misleading is typically a question of fact, dismissal is appropriate when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (quoting *Taylor v. Cavalry Inv.*, L.L.C., 365 F.3d 572, 574 (7th Cir.

2004)).

In analyzing a collection letter in particular, the court adopts the perspective of an unsophisticated consumer. *Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 380 (7th Cir. 2019). An unsophisticated consumer is presumed to be uninformed, naïve and trusting, but nonetheless to possess "reasonable intelligence," as well as "capable of making basic logical deductions and inferences." *Id.* (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

Here, plaintiff contends that the defendant's identification of the creditor was false and misleading because: (1) TDS is a nonobvious and novel acronym; and (2) "TDS-Medford-BO#0801" does not equate with "TDS." (Pl.'s Br. (dkt #12) 19-20.) With respect to plaintiff's first argument, the FDCPA does not require the debt collector to identify the creditor in a particular way, *Smith*, F.3d at 380, and as defendant points out, courts within this circuit have held that a creditor may use a commonly used acronym or a name under which it usually transacts business. *See, e.g.*, *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-C-0420, 2007 WL 984096, at *7 (E.D. Wis. Mar. 27, 2007); *Miller v. Sw. Credit Sys., L.P.*, No. 18 CV 4088, 2019 WL 5208857, at *5 (N.D. Ill. Oct. 16, 2019). In fact, identifying a creditor by a name that it usually uses to transact business has been found to *help* unsophisticated consumers, who are more likely to be familiar with an acronym or other common name. *See Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 739 (7th Cir. 2004) (finding that it would have created more confusion had the creditor used its real name instead of the name in which it conducts business); *see also* Federal Trade Commission, Statements of General Policy or Interpretation Staff Commentary on the Fair

5

Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,107 (Dec. 13, 1988) ("A debt collector may use . . . its full business name, the name under which it usually transacts business, or a commonly-used acronym.").

Here, the court can take judicial notice that "TDS" is an acronym under which the entity TDS Telecom usually transacts business.[3] In light of the Seventh Circuit's holding in *Gutierrez*, this court similarly concludes that plaintiff's allegations do not give rise to a reasonable inference that the use of the acronym "TDS" for the creditor TDS Telecom is likely to confuse or mislead a significant fraction of the population   As such, the court rejects this theory of liability.

As to plaintiff's second argument, the court agrees that the mere presence of the correct name in the letter somewhere is not sufficient to satisfy the FDCPA, particularly when hyphenated with the name of a local city and "BO#," as in "TDS-Medford BO#801." *See Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 321 (7th Cir. 2016) ("[FDCPA] compliance demands more than simply including the information in some unintelligible form").  However, while plaintiff argues that the inclusion of the correct acronym "TDS" does not undercut the inherent confusion created by the subsequent, completely unnecessary, references to "Medford-BO#0801" (Pl. Br. 17), a debt collector

---

[3] The TDS Telecom website (https://tdstelecom.com/) identifies itself in the upper left portion of the screen as "TDS," short for "Telephone and Data Systems, Inc." The court may take judicial notice of the TDS Telecom website because the content of the website is an adjudicative fact "not subject to reasonable dispute" and "capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Buettikoffer v. McClatchy Co.*, No. CIV. 08-374-GPM, 2008 WL 3823721, at *1 (S.D. Ill. Aug. 13, 2008) ("The Court can take judicial notice that The Belleville News-Democrat is an assumed name for Cypress Media, LLC.").

may include additional information that provides further clarification regarding the creditor and debt. *See Smith*, 926 F.3d at 381 (noting that identifying the creditor's name, as well as the commercial name the consumer is more likely to recognize, is helpful); *Steffek v. Client Services, Inc.*, 948 F.3d 761 (7th Cir. 2020) ("listing an account number may help a consumer identify the origins of the debt"). Indeed, even if a statement may be technically false, that statement does not violate the FDCPA if it would not mislead unsophisticated consumers. *See Bode v. Encore Receivable Mgmt., Inc.*, No. 05-CV-1013, 2007 WL 2493898, at *5 (E.D. Wis. Aug. 30, 2007) (holding that identifying the creditor as "Capitol One Services, Inc.," rather than "Capital One Bank," was neither false nor confusing); *Stricklin v. First Nat. Collection Bureau, Inc.*, No. 3:10-CV-01027-JPG-SCW, 2012 WL 1076679, at *6 (S.D. Ill. Mar. 30, 2012) (finding that it was not misleading to refer to the creditor as "Sprint Services" rather than "Sprint Nextel Corporation").

Here, "Medford" is the name of city where plaintiff alleges she resides. (Compl. (dkt. #1) ¶ 4.) If anything, this information may be helpful in identifying the debt in question. As such, plaintiff's claim turns on whether the inclusion of "BO#0801" as in "TDS-Medford – BO#0801" after the identification of "TDS" would mislead a significant fraction of the population as to the identity of the creditor. While a consumer may be curious as to the meaning of "BO#0801" -- as is the court, having found no information in the parties' briefs to explain its meaning -- the addition of this language does not detract from the clear identification of "TDS" as the source of the debt, particularly when the letter also prominently identifies Fellenz's TDS account numbers. Perhaps if there were something about the BO#0801 reference that was confusing or the TDS account number

7

was wrong, there might be an arguable question of fact, which cannot be resolved at the pleadings stage. However, the court concludes that dismissal is appropriate here because both the creditor and nature of the debt is quite "apparent from a reading of the letter" and "not even a significant fraction of the population would be misled by it." *Zemeckis*, 679 F.3d at 636. Indeed, even as an unsophisticated consumer, Fellenz would have to have been deliberately obtuse not to understand that a reference to "TDS-Medford-BO#0801" and her TDS account number concerned a debt owed to her internet service provider TDS Telecom. *See Osideko v. L.J. Ross Associates, Inc.*, No. 18-cv-3147, 2019 WL 1915666 (N.D. Ill. Apr. 30, 2019) (granting motion for judgment on the pleadings, finding that slight differences in the creditor's name did not support an FDCPA violation). As such, the court will grant defendant's motion to dismiss for failure to state a claim, albeit without prejudice. As described below, the court will provide plaintiff an opportunity to cure this defect, if able, by filing an amended complaint without 14 days.

## ORDER

IT IS ORDERED that defendant Stark Collection Agency's motion to dismiss (dkt. #8) is GRANTED without prejudice. Plaintiff Mikayla Fellenz may file an amended complaint addressing the deficiencies in her pleading identified above, assuming she can do so in good faith, on or before December 18, 2020.

Entered this 4th day of December, 2020.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge